# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| STEVEN TAYLOR, | |
| Plaintiff, | |
| v. | Case No. 4:18-cv-00272-SNLJ |
| ST. LOUIS COMMUNITY COLLEGE A.K.A. THE COMMUNITY COLLEGE DISTRICT OF ST. LOUIS, ST. LOUIS COUNTY, MISSOURI, et al., | JURY TRIAL DEMANDED |
| Defendants. | |

## DEFENDANTS RODNEY GEE'S AND ROBERT CAPLES' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

## INTRODUCTION

The alleged facts, coupled with the undisputed video evidence, establish that even when viewed in Plaintiff's favor, dismissal of Plaintiff's claims against Rodney Gee ("Gee") and Officer Robert Caples ("Officer Caples") is warranted. Plaintiff's allegations and the videos establish that Plaintiff attempted to "hijack" the October 19, 2017 St. Louis Community College (the "College") Board of Trustees (the "Board") meeting, ignored repeated requests to "please leave the room," erratically advanced toward the Board members (which prompted Officer Caples to take him to the floor), and was ultimately arrested. These facts provide ample support for Gee and Officer Caples' qualified immunity defenses that defeat Plaintiff's constitutional claims, demonstrate that the state law claims of false arrest and battery are precluded by official immunity, and establish that no defamation occurred. In sum, all ten of Plaintiff's claims should be dismissed.

# **ARGUMENT**

## **A. The Videos Should be Considered Part of Plaintiff's Pleading.**

Plaintiff does not dispute the authenticity of the videos of the October 19 Board meeting, yet contends the videos should not be considered by the Court. That argument fails to recognize that "when considering a motion to dismiss a court may consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings." *Levy v. Ohl*, 2006 WL 680967, at *1 (E.D. Mo. Mar. 13, 2006) (internal quotations omitted); *see also Sequeira v. McClain*, 2017 WL 1197296, at *1 n.2 (D. Colo. Mar. 31, 2017) (granting motion to dismiss Section 1983 claims for excessive force and violations of substantive due process based on review of arrest video referenced in the complaint).

More fundamentally, the Court is *not* required to accept the allegations in the Complaint as true where they are contradicted by the videos. *See Bailey v. City of Ann Arbor*, 860 F.3d 382, 386-87 (6th Cir. 2017) (internal citations omitted) ("If [plaintiff's] pleadings internally contradict verifiable facts central to his claims, that makes his allegations implausible. That's why our sister courts have considered videos when granting motions to dismiss. And that's why we do so here." (collecting cases)).

Thus, the videos should be used along with Plaintiff's Complaint in evaluating Gee and Officer Caples' Motion to Dismiss.

### B. Plaintiff's Constitutional Claims Against Gee and Officer Caples Should be Dismissed as Barred by Qualified Immunity.

In his opposition, Plaintiff does not take issue with established Supreme Court and Eighth Circuit precedent holding that existing case law must clearly put a state actor on notice to defeat qualified immunity. Nor could he. *See White v. Pauly*, ___ U.S. ___, 137 S.Ct. 548, 552 (2017); *Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *Weed v. Jenkins*, 873 F.3d 1023, 1028 (8th Cir. 2017); *Kiesling v. Holladay*, 859 F.3d 529, 533 (8th Cir. 2017).

In fact, just this month, the Supreme Court again recognized that absent clear, factually on point case law that could guide a public official, qualified immunity bars such constitutional claims (whether under the First Amendment, Fourth Amendment, or Fourteenth Amendment). *See Kisela v. Hughes*, 138 S. Ct. 1148, 1153 (2018) ("Use of excessive force is an area of the law 'in which the result depends very much on the facts of each case,' and thus police officers are entitled to qualified immunity **unless existing precedent 'squarely governs' the specific facts at issue**.")(emphasis added).

Plaintiff has not directed the Court to any "existing precedent [that] squarely governs the specific facts at issue." Plaintiff cites no case that would have clearly advised Gee and Officer Caples: 1) that a "no disruptive clapping" rule at a public meeting does not constitute a reasonable rule to maintain order; 2) that a government actor is precluded from ejecting an individual who disrupts a public meeting; 3) that an officer cannot attempt to remove a trespasser who refuses to leave upon request; 4) that an officer cannot take such a trespasser to

3

the ground who erratically advances in a threatening manner toward college board members at a public meeting; or 5) that an officer is prohibited from removing and ultimately arresting such a trespasser. Simply put, Plaintiff has not identified any case that "squarely governs" the specific facts of this case to justify precluding the application of Gee's and Officer Caples' qualified immunity defense.

      **1.**    **<u>First Amendment</u>**

Plaintiff's primary argument in support of his First Amendment claim seems to be that the "no disruptive clapping" rule itself violates the First Amendment. Specifically, Plaintiff contends that the "no disruptive clapping" rule was not viewpoint neutral because it applied "only when the time arrived for speakers who might challenge the institution's point of view." (Doc. # 24, at p. 10.) However, Plaintiff's allegations (and the videos) establish that the "no disruptive clapping" rule applied to all audience members, regardless of whether they supported or opposed the College's point of view. (Complaint, at ¶ 42 ("At the beginning of the October 19, 2017 meeting, defendant Gee stated ground rules that disruptive clapping would not be allowed nor tolerated.").) Thus, the "no disruptive clapping" rule was a permissible, viewpoint-neutral restriction under the First Amendment. *See Thornton v. City of Kirkwood,* 2008 WL 239575, at *1, 5 (E.D. Mo. Jan. 28, 2008) (finding that guidelines and rules of decorum, which prohibited "'foul, abusive or inappropriate language, displays or other materials' while speaking" during public comment portion of city council

4

meetings, were "reasonable, viewpoint neutral, and served important governmental interests").

Plaintiff also appears to argue that because he purportedly had First Amendment rights, such rights permitted him to disrupt the Board meeting (even though he was signed up to speak and could have made his "point of order" at that time) or prevented Gee from ejecting him based on that disruption. However, there is no First Amendment right to hijack a public meeting, and no case cited by Plaintiff, nor any found by defense counsel, supports any such right. Rather, case law within this Circuit is to the contrary. *See Thornton*, 2008 WL 239575, at *5 (City did not violate the First Amendment by asking plaintiff to sit down and ultimately having him arrested for refusing to comply with meeting policies because "[t]o deny the presiding officer the authority to regulate irrelevant debate and disruptive behavior at a public meeting . . . would cause such meetings to drag on interminably, and deny others the opportunity to voice their opinions."). The actions taken by the College, Gee and Officer Caples would have been the same taken by the Court and its personnel if Plaintiff started yelling in the middle a court proceeding, refused three requests by the Court to leave, and erratically rushed toward Your Honor and Court staff as a Deputy Marshall attempted to escort him from the courtroom.

Plaintiff's final attempt to save his First Amendment claim by distinguishing trespass cases like *Green v. Missouri*, 734 F. Supp. 2d 814, 837 (E.D. Mo. 2010) and *Peterson v. Kopp*, 754 F.3d 594, 598 (8th Cir. 2014) should likewise be rejected. Plaintiff seeks to distinguish those controlling cases by

5

suggesting that the plaintiffs there refused to leave, whereas here Plaintiff did not refuse to leave. This position is belied by Plaintiff's allegations, the photos attached to his Complaint, and the undisputed video evidence, all of which show him repeatedly ignoring Gee's requests that he "please leave the room" and erratically advancing forward after being ejected from the meeting. The common theme in cases like *Green* and *Kopp* is that once an individual is deemed a trespasser, the rights of a private or public property owner trump an individual's claimed First Amendment rights. These cases and others establish beyond question that a government actor has a qualified privilege to remove and, as discussed below, arrest that trespasser.

### 2. **Fourth Amendment**

Plaintiff's effort to avoid dismissal of his Fourth Amendment claim is also futile because his allegations do not negate the fact that Officer Caples had at least arguable probable cause to seize and arrest Plaintiff when he ignored the repeated requests to "Please leave the room!" and when he, for whatever subjective reason, suddenly pulled away and erratically advanced seven steps toward the Board members. Even if the Court accepts Plaintiff's incorrect argument that the Court must look solely to the Complaint and not to the videos, the allegations in the Complaint establish that Plaintiff failed to leave the meeting room after Gee's order to do so. (*See, e.g.*, Complaint, at ¶ 51.) As *Green* and *Kopp* demonstrate, Plaintiff's failure to leave rendered Plaintiff a trespasser and gave Officer Caples at least arguable probable cause to seize and arrest Plaintiff.

6

### 3. **Fourteenth Amendment**

Plaintiff's alleged due process claim fails as well. Although not clear from the Complaint, Plaintiff's response attempts to clarify that this is a procedural due process claim based on a purported deprivation of Plaintiff's "protected liberty interest" that resulted from the selective application of the "no disruptive clapping" rule in violation of the First Amendment. (Doc. # 24, at pp. 14-15.) Because this claim is no different from Plaintiff's purported First Amendment claim, the courts have held that there is no basis for an independent due process claim. *Greenman v. Jessen*, 787 F.3d 882, 890 (8th Cir. 2015); *Miller v. Fayette County*, 2016 WL 1555526, at *5 (W.D. Pa. Apr. 18, 2016) (citing *Decker v. Borough of Hughestown*, 2009 WL 4406142, at *5 (M.D. Pa. Nov. 25, 2009)). Moreover, as explained above, Plaintiff's First Amendment rights were not violated, and thus there is no "deprivation" on which Plaintiff's due process claim can be based. Further, notwithstanding Plaintiff's citation to *Speiser v. Randall,* 357 U.S. 513, 518 (1958), which concerned the State of California's ability to deny its residents a tax exemption for engaging in certain types of speech, Plaintiff has not identified any existing case law where a court held that a due process violation occurred based on the application of a "no disruptive clapping" rule intended to maintain order at a college board meeting. Thus, Plaintiff's due process claim is likewise barred by qualified immunity.

Accordingly, Counts I, II and III should be dismissed.[1]

### C. Plaintiff's *Monell* Claim Against Gee Should Be Dismissed.

Plaintiff suggests that as to Gee, *Monell* liability is appropriate because Gee purportedly was the "final decision maker" and that "local government" can be held liable for constitutional torts triggered by official policies. However, this argument completely ignores Gee's argument, supported by Eighth Circuit case law, that because a suit against an individual in his official capacity is a redundant suit against the governmental entity, a suit against the official should be dismissed if the governmental entity is sued. *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010); *Anzaldua v. Ne. Ambulance & Fire Prot. Dist.*, 978 F. Supp. 2d 1016, 1023 (E.D. Mo. 2013).

Plaintiff's failure to even discuss this controlling case law suggests that Plaintiff has conceded that no such claim can be made against Gee. Consequently, Count VI should be dismissed.

### D. Plaintiff Fails To State Viable Claims for Defamation.

Viewing the alleged defamatory statements in a light most favorable to Plaintiff does not convert statements of opinion into statements of fact. Plaintiff does not dispute well-established cases that hold whether statements are opinion is a question of law for this Court to decide and that statements of intentions or motivation are deemed opinions as a matter of law. *See Price v.*

---

[1] Plaintiff does not address Defendants' arguments in support of the dismissal of Counts IV and V alleging violations of state constitutional rights, effectively conceding that those claims should be dismissed.

*Viking Penguin, Inc.*, 881 F.2d 1426, 1432 (8th Cir. 1989); *Pujols v. Pujols Family Found.*, 2017 WL 4310436, at **4-5 (E.D. Mo. Sept. 28, 2017). Thus, this Court may decide, as a matter of law at the motion to dismiss stage, whether the statements underlying Plaintiff's defamation claims are statements of fact, opinion or motivation. To the extent any of the purported defamatory statements relate to Plaintiff's motivations or intentions, they constitute statements of opinion that are protected by the First Amendment.

Plaintiff also suggests, for the first time, that Gee accused him of assault and battery, even though no such statement is alleged in the Complaint. Moreover, the fact that Plaintiff has to cite to the legal definitions of "assault" and "battery" supports Gee's argument that, at best, any such statements would amount to layperson "legal opinions" that cannot support a defamation claim as a matter of law.

Likewise, the statements attributable to Officer Caples, in addition to constituting statements of opinion and/or true statements of fact, are precluded because Officer Caples was legally required to report the incident. *See Doe HM v. City of Creve Coeur, Mo.*, 666 F. Supp. 2d 988, 1002 (E.D. Mo. 2009); *Rucker v. KMart Corp.*, 734 S.W.2d 533, 535 (Mo. Ct. App. 1987). Plaintiff takes no issue with this case law, and provides no argument to the contrary.

Consequently, because all of the disputed statements constitute opinions, statements of true facts or statements of motivation, Plaintiff's defamation claims should be dismissed.

**E. Official Immunity Bars Plaintiff's State-Law Battery Claim.**

Plaintiff acknowledges that the doctrine of official immunity bars his state-law battery claim unless he can show that his removal and arrest from the October 19 Board meeting was done by Officer Caples "in bad faith or with malice." However, Plaintiff has not directed the Court to any facts that could invoke the bad-faith exception to official immunity. Instead, like his Complaint, Plaintiff's opposition merely alleges, in conclusory fashion, that "the present petition surely asserts a plausible and unshielded claim of battery committed in bad faith or with malice." (Doc. # 24, p. 21.)

As explained by Gee and Officer Caples in their memorandum in support of their Motion to Dismiss, Missouri state and federal courts have consistently held that a battery claim is barred by official immunity where, as here, the plaintiff fails to support the claim with "specific facts" showing an intent to cause injury. *See Jacobson v. Metro. St. Louis Sewer Dist.*, 2014 WL 7027881, at *6 & n.3 (E.D. Mo. Dec. 11, 2014); *Stephens v. Dunn*, 453 S.W.3d 241, 251 (Mo. Ct. App. 2014).

Therefore, Plaintiff's battery claim in Count VII of the Complaint should be dismissed.

**F. Plaintiff Fails To State A Claim For False Imprisonment.**

Plaintiff's state-law claim for false imprisonment is also subject to dismissal. First, like Plaintiff's battery claim, his false imprisonment claim is barred, *in toto*, by the doctrine of official immunity because Plaintiff has not alleged specific facts to invoke the bad-faith exception, as is required by Missouri

law. *See Jacobson*, 2014 WL 7027881, at *6 & n.3; *Dunn*, 453 S.W.3d at 251. Second, as discussed above and in detail in Gee and Officer Caples' memorandum in support of their Motion to Dismiss, Officer Caples had probable cause to arrest Plaintiff. That not only bars Plaintiff's Fourth Amendment claim against Officer Caples, but it also bars his false imprisonment claim against Officer Caples as well. *See Kurtz v. City of Shrewsbury*, 245 F.3d 753, 757 (8th Cir. 2001).

Finally, Plaintiff has not stated a viable claim for false imprisonment against Gee. While Plaintiff engages in semantics about whether Gee "instigated", "encouraged", or "caused" Plaintiff's arrest, the fact of the matter is that all Gee did was ask that Plaintiff be <u>removed</u> from the meeting. As the allegations in Plaintiff's Complaint and the facts borne out by the videos demonstrate, it was Plaintiff's refusal to leave—not any conduct by Gee—that led Officer Caples to arrest him.

In sum, Plaintiff cannot state a false imprisonment claim against either Gee or Officer Caples and, therefore, Count X of Plaintiff's Complaint should be dismissed.

## **CONCLUSION**

Consequently, for all of the reasons set forth above and in Defendants' briefs in support of the College's, Gee's and Officer Caples' Motions to Dismiss (all which are hereby incorporated by reference), Counts I, II, III, IV, V, VI, VII, VIII, IX and X of Plaintiff's Complaint should be dismissed.

Respectfully submitted,

**LEWIS RICE LLC**

By: /s/ Ronald A. Norwood
  Ronald A. Norwood, #33841MO
  Apollo D. Carey, #58286MO
  Justin M. Ladendorf, #68558MO

600 Washington Ave., Suite 2500
St. Louis, Missouri 63101
(314) 444-7759 (Telephone)
(314) 612-7759 (Facsimile)
rnorwood@lewisrice.com
acarey@lewisrice.com
jladendorf@lewisrice.com

and

Jason R. Retter, #59683MO
Rachel Bates, #68696MO
KING, KREHBIEL & HELLMICH, LLC
2000 South Hanley Road
St. Louis, MO 63144 1524
(314) 646-1110 (Telephone)
(314) 646-1122 (Facsimile)
jretter@kingkrehbiel.com
rbates@kingkrehbiel.com

*Attorneys for Defendants St. Louis Community College, Rodney Gee, and Robert Caples*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was served by the Court's electronic filing system on this 20th day of April, 2018, on the counsel of record.

/s/ Ronald A. Norwood