**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **STEVEN TAYLOR,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:18cv00272 SNLJ** |
| | ) | |
| **ST. LOUIS COMMUNITY COLLEGE** | ) | |
| **A.K.A. THE COMMUNITY** | ) | |
| **COLLEGE OF DISTRICT OF ST.** | ) | |
| **LOUIS, ST. LOUIS COUNTY,** | ) | |
| **MISSOURI, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

Plaintiff brings this ten-count civil rights action against defendant St. Louis

Community College ("STLCC"), defendant STLCC Board of Trustees vice-chairman

Rodney Gee in his individual and official capacity, and defendant campus police officer

Robert Caples in his individual capacity. STLCC, Gee, and Caples have all moved to

dismiss their respective counts. The matter is fully briefed, and the motions will be

granted in part and denied in part.

## I.     Factual Background

The Court accepts the facts alleged in the complaint as true for the purposes of the

motions to dismiss. Plaintiff states he was an adjunct mathematics professor at STLCC

from January 2014 to October 19, 2017, as well as a union representative with the

Service Employees International Union ("SEIU"). Since unionizing in 2015, the union has been trying to negotiate with STLCC administration for a pay increase.

On October 19, 2017, STLCC held a regular board meeting. Regular board meetings are limited public forums. Gee was acting chairman and Officer Caples and at least two other police officers were present. Plaintiff was scheduled to speak at the meeting. At the start of the meeting, Gee stated ground rules that disruptive clapping would not be allowed nor tolerated. Plaintiff states that during the first hour of the meeting, the audience politely clapped and applauded as a sign of respect after almost every presentation during the administration's portion of the meeting. Further, the plaintiff alleges that Gee and Chancellor Jeff Pittman encouraged clapping at times.

During the public comment section of the meeting, the first person spoke about concerns of layoffs. When she concluded, the audience politely clapped, and Gee, for the first time, admonished the audience that the clapping must stop. In response, plaintiff stood and made a point of order about the restrictions of free speech and the selective application of the no clapping rule. Plaintiff states he slowly walked down the aisle and stopped approximately five rows from where the Board was seated, speaking calmly with his hands in front of him. Plaintiff alleges the speech was made during a break between speakers and was not disruptive.

Gee ordered plaintiff to leave the room while plaintiff was making a point about the Board restricting free speech and then demanded plaintiff be removed from the meeting. At the same time, Officer Caples approached plaintiff from behind, unbeknownst to plaintiff, and grabbed his jacket, causing plaintiff to instinctively move

forward to escape the unknown person. Plaintiff contends Officer Caples grabbed him under the arms and tripped and slammed him into the ground and smashed plaintiff's head into the floor. Plaintiff also states that Officer Caples's body was on top of his, and that Caples forcefully thrust his knee between the plaintiff's shoulder blades and wrenched plaintiff's arm to handcuff him. The two other STLCC campus police officers told Officer Caples not to handcuff plaintiff. Plaintiff was assisted from the ground and complied with Officer Caples's orders. Plaintiff was placed in a wrist lock, then Officer Caples and the other police officers took plaintiff to a small empty room where he was confined. Plaintiff was advised he was under arrest for general peace disturbance and resisting arrest. Plaintiff was not able to make his prepared statement during the time he had signed up for at the meeting. Plaintiff also states that two other audience members were removed, who spoke in response Gee removing plaintiff from the meeting. Plaintiff states Gee told the audience "certainly sitting here and having someone come at me is threatening and traumatizing…the First Amendment doesn't give you the right to be assaulted or to batter."

The following day, October 20, 2017, STLCC released a public statement about the meeting which stated that plaintiff "charged the table where the board members and the chancellor…were seated." Also on October 20, plaintiff was served with a no trespass order. STLCC also sent a letter notifying plaintiff that his employment was suspended and he was recommended for termination due to his speech at the meeting. The charge of resisting arrest against plaintiff was dismissed.

3

Plaintiff filed his complaint on February 16, 2018. He alleges (1) violation of First Amendment rights under 42 U.S.C. § 1983 against all three defendants; (2) violation of due process against STLCC and Gee; (3) violation of Fourth Amendment rights under 42 U.S.C. § 1983 against Caples; (4) unlawful seizure under the Missouri Constitution, Art. 1§ 15, against Caples; (5) unlawful arrest under Missouri Constitution, Art. 1 § 15, against Caples; (6) municipal liability under 42 U.S.C. §1983 against STLCC and Gee; (7) battery against Caples; (8) slander against Gee; (9) libel against Gee and Caples; and (10) false imprisonment against Gee and Caples.

## II.    Motion to Dismiss

Defendants have moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content. . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)). However, "[t]hreadbare recitals of the elements of

a cause of action, supported by mere conclusory statements," will not pass muster. *Iqbal*, 556 U.S. at 678.

## A.    Count I:  First Amendment Claim

Plaintiff claims his First Amendment right to free speech was violated by defendant STLCC, defendant Gee in his individual capacity, and defendant Caples in his individual capacity. Plaintiff claims STLCC restricted speech by prohibiting applause for certain speakers and by preventing plaintiff from speaking out against the no-clapping rule.  Plaintiff also claims Gee instructed Caples to remove plaintiff from the room to prevent him from speaking.  Finally, plaintiff claims Caples removed plaintiff from the room to prevent plaintiff from speaking.

To prevail on his First Amendment claims under § 1983, plaintiff must show that defendants 1) acted under the color of state law; and 2) that the alleged wrongful conduct deprived plaintiff of a constitutionally protected federal right. *Palmore v. City of Pacific*, 851 F.Supp. 2d 1162, 1168  (E.D. Mo. 2010) (citing *Schmidt v. City of Bella Villa, et al*., 557 F.3d 564, 571 (8th Cir.2009).

"A limited public forum, like a nonpublic forum, may be 'limited to use by certain groups or dedicated solely to the discussion of certain subjects,' and the public entity 'may impose restrictions on speech that are reasonable and viewpoint-neutral.'" *Victory Through Jesus Sports Ministry Foundation v. Lee's Summit R-7 School Dist*., 640 F. 3d 329, 334-335 (8th. Cir. 2011) (citing *Christian Legal Soc'y Chapter of the Univ. of Cal., Hastings College of the Law v. Martinez*, 561 U.S. 661 (2010).

"The freedom of expression protected by the First Amendment is not inviolate; the Supreme Court has established that the First Amendment does not guarantee persons the right to communicate their views 'at all times or in any manner that may be desired.'" *Palmore v. City of Pacific*, 851 F.Supp.2d 1162, 1171 (E.D. Mo. 2010).

1.    **STLCC**

Plaintiff's claim against STLCC appears to be two-fold. First, he claims STLCC impermissibly restricted speech with its no-clapping rule (the "applause claim"). Second, he claims STLCC restricted speech when he was prevented from speaking out during the meeting about the application of the no-clapping rule (the "interruption claim"). STLCC states the restrictions on plaintiff's speech at the Board meeting were reasonable and viewpoint neutral and thus were permissible restrictions in the Board meeting's limited public form. Plaintiff argues that the restraint of free expression started when the Board prohibited applause for speakers challenging the Community College, and was thus not viewpoint neutral and in violation of the First Amendment.

Plaintiff alleges that at the start of the meeting, Gee announced the ground rules that disruptive clapping would not be allowed or tolerated. (¶ 43.) The audience was allowed to applaud after certain Board-related members spoke early in the meeting. After a professor spoke in the public comments part of the meeting, the audience applauded, and Gee, for the first time, admonished the audience that the clapping must stop. (¶46.)

Plaintiff contends that it was the STLCC's prohibition of that speech --- allowing applause for some speakers but not others --- that commenced a First Amendment violation. This appears to be a kind of as-applied First Amendment claim that has been

sufficiently pleaded. Plaintiff alleged that the rule was announced early that disruptive clapping would not be allowed, and he alleges that the "polite" clapping for the professor speaking out against the Board was stifled while the same sort of clapping for the Board was not. (¶ 46.) STLCC suggests that the clapping for the professor was substantially different in its substance and quality from the clapping for the Board speakers, and that was why the clapping for the professor was stifled. That assertion, however, contradicts the pleadings. This Court must accept the pleadings as true. Plaintiff adequately states a claim that his right to expression through applause was stifled in contravention of the First Amendment.

Second, plaintiff contends that the STLCC, through Gee, prevented him from speaking out against the clapping rule, which plaintiff saw was being applied unfairly to stifle clapping for viewpoints in opposition to the Board. Plaintiff alleges that he stood up during the meeting and spoke out of turn, in between speakers, to make that point of order. Although plaintiff alleges the no-clapping rule affected plaintiff's speech, he fails to plead any facts to support that his further speech was ever unconstitutionally restricted. Following Gee's admonishing of the audience for clapping, plaintiff alleges he stood up and interrupted the meeting before his assigned speaking time, which resulted in his removal. The Board's preventing plaintiff from speaking out against the applause rule was in keeping was its policy against interruptions and in favor of assigned speaking times. Because plaintiff cannot establish he had a Constitutional right to speak at the time he engaged the Board, plaintiff fails to establish a First Amendment violation, and the interruption claim against STLCC must be dismissed.

## 2. Gee and Officer Caples

Much of the above analysis may be applied to plaintiff's First Amendment claims against defendants Gee and Caples. As with the claim against STLCC, the plaintiff adequately states a claim that defendant Gee violated plaintiff's right to expression through the no-applause rule that Gee applied. Notably, defendant Caples is not implicated with respect to that claim.

As for plaintiff's interruption claim --- that he was stopped from speaking and removed from the meeting --- plaintiff's claim against defendants Gee and Caples fails. As discussed above, plaintiff has not established that he had a right to speak at the time he engaged the Board. Therefore, Count I must be dismissed for failure to state a claim against Gee, in part, and against Officer Caples in its entirety.

Count I thus stands only as to STLCC and Gee on the claim regarding the no-applause rule.

## B. Count II: Due Process Claim

Plaintiff claims his due process rights were violated when his expression was restricted because the no-clapping rule was selectively applied. Defendants Gee and STLCC argue this claim should be dismissed because it is predicated on plaintiffs' First Amendment claim. Plaintiff does not state in his complaint whether he is asserting a procedural or substantive due process claim.

The Fourteenth Amendment's Due Process clause has both procedural and substantive components. *Singleton v. Cecil*, 176 F.3d 419, 424 (8th Cir. 1999). "To establish a substantive due process violation, [plaintiff] must demonstrate that a

8

fundamental right was violated and that the conduct shocks the conscience." *Hughes v. City of Cedar Rapids, Iowa*, 840 F.3d 987, 995 (8th Cir. 2016) (citing *Akins v. Epperly*, 588 F.3d 1178, 1183 (8th Cir. 2009)). To establish a violation of procedural due process rights, a plaintiff must allege deprivation of life, liberty, or property without sufficient process. *Id.*

With respect to substantive due process, "it is important to note the difference between constitutional claims arising under the Due Process Clause of the Fourteenth Amendment and those arising under a more specific provision of the Constitution, such as the First Amendment. United States Supreme Court precedent suggests that these two types of claims should not be conflated." *Weeks v. Corizon Medical Services, Inc.*, No. 2:12–CV–70–RWS, 2013 WL 308871, at *3 (E.D. Mo. Jan. 25, 2013) (citing *Graham v. Connor*, 490 U.S. 386 (1989)). In *Albright v. Oliver*, 510 U.S. 266 (1994), the Supreme Court explained "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" *Weeks v. Corizon Medical Services*, Inc. 2003 WL 308871, at *3 (E.D. Mo. 2013) (quoting *Albright*, 510 U.S. at 273).

Although plaintiff purports to bring a procedural due process claim on the application of the applause rule, it appears that it is nothing more than a straightforward First Amendment violation as pleaded in Count I. Plaintiff has not identified what due process was denied him other than the alleged misapplication of the applause rule. This

claim is instead more in the nature of a substantive violation which is subsumed by the First Amendment claim. Thus, Count II will be dismissed.

### C.    Count III:  Fourth Amendment Claim

Plaintiff claims Officer Caples violated plaintiff's Fourth Amendment rights (1) when Caples seized/arrested plaintiff without probable cause during the public meeting and (2) when plaintiff was confined to a small room under guard by three officers. Plaintiff also claims that (3) Caples used excessive force when he unlawfully seized plaintiff by tackling and aggressively body slamming plaintiff into the ground. Plaintiff alleges he sustained multiple severe injuries as a result of the seizure, including traumatic brain injury, concussion, various pains, missed time from work and mental anguish, physical impairment, and embarrassment. Defendant Officer Caples argues he did not violate any established law because plaintiff was a trespasser, and that qualified immunity also bars the claim.

"[Q]ualified immunity shields officials from civil liability so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (per curiam) (*quoting Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). The key question is whether the defendant official violated a clearly establish constitutional right. *See Pearson*, 555 U.S. at 822.

"A clearly established right exists when "the contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Williams v. Mannis*, 889 F.3d 926, 931 (8th Cir. 2018) (citations and alterations omitted).

Here, although plaintiff claims that Caples unlawfully arrested him without probable cause, defendant Caples argues he had probable cause to believe plaintiff had committed the crime of trespass. "'A person commits the crime of trespass in the first degree if he ... knowingly remains unlawfully in a building or inhabitable structure....' An individual's refusal to leave a building after an authorized agent requests him to leave is sufficient to support the charge of trespassing.*" Green v. Missouri*, 734 F. Supp. 2d 814, 837 (E.D. Mo. 2010) (quoting in part, *State v. Armstrong*, 863 S.W.2d 374, 377 (Mo.Ct.App.1993)).

In *Green*, plaintiff sued alleging multiple violations of Constitutional rights after he was arrested for peace disturbance and resisting arrest following his refusal to leave a school board meeting in the auditorium. Even though defendant police officers did not arrest Green for trespass, there was probable cause to arrest him for his refusal to leave the auditorium at Carr Lane School. A security guard asked Green to leave, and Green refused and remained unlawfully in the building.

"If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001). Under the facts as pleaded by plaintiff --- that he spoke without a right to do so, and that he failed to leave when asked --- defendant Caples did not violate a clearly established right when he seized and arrested plaintiff. Although neither party addresses it, it seems clear that plaintiff's claim regarding his being detained in a guarded room also

fails due to the fact that, as pleaded by plaintiff, defendant Caples had probable cause to arrest plaintiff.

With regard to whether or not defendant Caples used excessive force when he seized plaintiff, however, the Court holds that plaintiff has stated a claim. "An officer's use of force will violate the Fourth Amendment if it is not objectively reasonable." *Peterson v. Kopp*, 754 F.3d 594, 600 (8th Cir. 2014) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). The "reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene." *Id.* (internal quotations to *Graham*, 490 U.S. at 396-97, omitted). Plaintiff alleges that he was tackled, body slammed, and placed in a wrist lock, and he alleges that Caples further put his knee into plaintiff's shoulder blades and twisted plaintiff's arm, causing severe injuries. On this motion to dismiss, the Court is required to take the facts pleaded by plaintiff as true. Plaintiff has clearly alleged facts to support his claim of excessive force.

The motion to dismiss plaintiff's Count III will be denied in part and granted in part.

**D.    Counts IV and V**

Plaintiff claims in Count IV that Officer Caples committed unlawful seizure and excessive force in violation of the Missouri Constitution. Count V claims Caples unlawfully arrested plaintiff in violation of the Missouri Constitution. Officer Caples contends these claims must be dismissed because the Missouri General Assembly has not enacted legislation authorizing suits for state constitutional claims. *See Moody v. Hicks*, 956 S.W.2d 398, 402 (Mo. Ct. App. 1997); *see also Johnson v. City of Hazelwood*, No.

12

4:14CV1311 SNLJ, 2014 WL 7338811, at *5 (E.D. Mo. Dec. 22, 2014). Plaintiff does not address these Counts at all in his response memoranda and thus concedes that they must be dismissed. Counts IV and V will be dismissed.

### E. Count VI: Municipal Liability

Plaintiff claims defendant STLCC and defendant Gee, in his official capacity, have municipal liability under 42 U.S.C. § 1983 in that (1) Gee authorized, encouraged, or caused Caples to seize and remove plaintiff pursuant to a policy and custom of defendants STLCC and Gee, when plaintiff expressed disapproval of the unfair and discriminatory application of the no- clapping rule; (2) plaintiff's seizure and arrest were made pursuant to an ordinance, policy, or custom; and (3) STLCC failed to properly hire, train, supervise, and discipline Officer Caples.

"In *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court held that a municipality can be liable under § 1983 if an "action pursuant to official municipal policy of some nature caused a constitutional tort." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010)( *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). "To establish municipal liability, a plaintiff must first show that one of the municipality's officers violated her federal right." *Veatch*, 627 F.3d at 1257. "If that element is satisfied, then a plaintiff must establish the requisite degree of fault on the part of the municipality and a causal link between municipal policy and the alleged violation." *Veatch*, 627 F.3d at 1257. Such a showing requires either the existence of a municipal policy that violates

federal law on its face or evidence that the municipality has acted with "deliberate indifference" to an individual's federal rights. *Veatch*, 627 F.3d at 1257.

### 1. Gee

Defendant Gee argues the *Monell* claim against him set forth in Count VI should be dismissed as duplicative of the *Monell* claim against STLCC. Plaintiff's response offers no rebuttal to the argument.

 "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch*, 627 F.3d at 1257.

Because plaintiff has asserted this claim against defendant Gee in his official capacity and also against STLCC, the court finds the claim redundant and must be dismissed.

### 2. STLCC

STLCC argues plaintiff has failed to plead any facts sufficient to support any municipal liability claim on an underlying constitutional violation.   Indeed, plaintiff does not plead facts but instead alleges only that the complained-of acts were made "pursuant to [defendants'] ordinance, policy, or custom." (¶ 141)  Plaintiff's failure to train claim suffers from the same defect.  "It is well-established that § 1983 claims based on the Board's failure to train its employees require proof that '(1) the [Board's] training practices [were] inadequate; (2) the [Board] was deliberately indifferent to the rights of others in adopting them, such that the 'failure to train reflects a deliberate or conscious choice by [the Board]'; and (3) an alleged deficiency in the ... training procedures

14

actually caused the plaintiff's injury.'" *B.A.B., Jr. v. Board of Educ. of City of St. Louis*, 698 F.3d 1037, 1040 (8th Cir. 2012) (quoting *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010) (alterations in original). "To survive a motion to dismiss, a complaint must allege sufficient facts to state a claim to relief that it plausible on its face." *Id.* (internal quotation to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), omitted). Plaintiff's complaint fails to identify any specific policy, ordinance, or custom to support a Municipal Liability claim against STLCC or Gee. The policies plaintiff does articulate reflect a policy for the "reverence of human life" and use of "the amount of force reasonably and immediately necessary." (¶ 137) Because plaintiff fails to allege facts to support his bare legal conclusions, Count VI will be dismissed.

## G.   Count VII:  Battery

Plaintiff brings claim of battery against Officer Caples in his individual capacity, purporting that defendant "intentionally, with malice and in bad faith, grabbed, violently tripled, tackled, and aggressively body slammed plaintiff Taylor into the ground, smashed his head into the floor, forcefully thrusted his knee into plaintiff Taylor's back, wrenched and aggressively twisted plaintiff Taylor's arm, and place plaintiff Taylor in a wrist lock." (¶ 144) Officer Caples argues this claim fails because of the shield of official immunity, and plaintiff offers no facts to support his conclusion that the acts were with malice and bad faith.

Official immunity "protects public employees from liability for alleged acts of negligence committed during the course of their official duties for the performance of discretionary acts." *Southers v. City of Farmington*, *Mo*., 263 S.W.3d 603, 610 (Mo.

banc 2008). However, "official immunity is lost if the official 'acted in bad faith or with malice, which ordinarily requires actual intent to cause injury.'" *Boude v. City of Raymore, Missouri* 855 F. 3d 930, 935 (8th Cir. 2017) (quoting *Austell v. Sprenger*, 690 F.3d 929, 938 (8th Cir. 2012) (quotation omitted). "A defendant acts with malice when he wantonly does that which a man of reasonable intelligence would know to be contrary to his duty and which he intends to be prejudicial or injurious to another." *Boude v. City of Raymore, Missouri* 855 F. 3d 930, 935 (8th Cir. 2017) (internal quotation to *State ex rel. Twiehaus v. Adolf*, 706 S.W.2d 443, 447 (Mo. banc 1986) omitted). Bad faith means "dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive, or ill will partaking of the nature of fraud." *Id.*

Even when viewed in a light most favorable to the plaintiff, the scope of the alleged facts do not rise to the level of malice or bad faith. This Count will be dismissed.

### H.    Count VIII and IX:  Slander and Libel

Plaintiff brings two defamation counts.  Count VIII, for slander, is against defendant Gee, and Count IX, for libel, is against both defendants Gee and Caples.

#### 1.    Defendant Gee

The parties agree that defendant Gee stated at the October 19, 2017 meeting that having the plaintiff "come at me is threatening and traumatizing" and "that the First Amendment right doesn't give you the right to be assaulted or to batter."  Then, in a subsequent press release, Gee stated that plaintiff "charged the table where board members and the chancellor…were seated" and that "[c]ollege police responded by restraining the individual before he reached the table."  (¶ 155)

Defendant argues those statements are either true statements of fact, or constitutionally protected opinions.

"Libel and slander are subspecies of defamation." *Durrell v. Tech Electronics*, No. 4:16 CV 1367 CDP, 2016 WL 6696070, at *2 (E.D. Mo. Nov. 15, 2016) (citing *Nazeri v. Missouri Valley Coll.*, 860 S.W.2d 303, 308 (Mo. 1993)). In a defamation action, a plaintiff must establish: "1) publication, 2) of a defamatory statement, 3) that identifies the plaintiff, 4) that is false, 5) that is published with the requisite degree of fault, and 6) damages the plaintiff's reputation." *Cockram v. Genesco, Inc*., 680 F.3d 1046, 1050 (8th Cir. 2012) (internal quotations omitted).

Missouri has adopted "an absolute privilege for expressions of opinion, broadly holding that any alleged defamatory statements that 'can be characterized as opinions,' are 'subject to the First Amendment absolute privilege.' " *Pujols v. Pujols Family Foundation*, No. 4:16–CV–1644 CAS, 2017 WL 4310436, at *4 (E.D. Mo. Sept. 28, 2017) (quoting *Smith v. Humane Soc'y of United States*, 519 S.W.3d 789, 799 (Mo. banc 2017)). "[T]here can be no liability under state defamation law for statements of opinion." *Id*. (citing *Gertz v. Robert Welch*, 418 U.S. 323, 339–40 (1974)).

Plaintiff generally alleges the statements made at the meeting were false and misleading. However, as to the first statement by Gee, regarding how plaintiff had "come at [him]," the plaintiff confirms the truth of this portion of the statement in his own pleadings, "as plaintiff Taylor instinctively moved forward." (¶ 53) The second part of defendant's statement, that plaintiff's behavior was "threatening and traumatizing," is an

opinion asserted by the defendant, and does not contain a fact that is provable as false. It is an expression of his personal feelings and perceptions about the event.

Defendant's second statement, "that the First Amendment right does not give you the right to be assaulted or to batter" also fails to give rise to any actionable claim because it is defendant Gee's lay opinion regarding the meaning of the law.

Plaintiff's first argument for libel is rooted in a press release issued by STLCC from October 20, 2017. Plaintiff contends statements that plaintiff "charged the table where board members and the chancellor, Dr. Jeff L. Pittman were seated" and that "[c]ollege police responded by restraining the individual before he reached the table" were false and misleading and made with malice and in bad faith regarding whether the statements were true or false. Gee argues the written statements were either opinion protected by the First Amendment or true statements of fact.

Here, plaintiff fails to establish any statements in the press release that are false. The complaint alleges that "Officer Caples…grabbed plaintiff Taylor's jacket, causing Taylor to instinctively move forward trying to escape the grasp;" (¶52) and "defendant Officer Caples put plaintiff Taylor in a wrist lock;" (¶55) and "Defendant Officer Caples and other unidentified police officers took plaintiff Taylor to a small empty room where he was confined, not free to leave…"( ¶57).

Because the complaint fails to allege any false statements by Gee, plaintiff's claims must fail as a matter of law and the claims will be dismissed.

2.      **Caples**

18

Plaintiff's claim against Caples for libel centers around Caples's statements in a case report. Plaintiff generally asserts several sentences of the report are false and misleading, but he specifically includes the statements that plaintiff was "aggressively pointing in the direction of Jeff Pittman, College Chancellor, and Gee," and that plaintiff "ignored my requests to leave." Officer Caples argues the statements qualify as protected opinions and that he had qualified privilege to make the statements in the report.

"A qualified privilege may apply…where the statement is made in performance of a duty and to another who has a corresponding duty or interest." *Doe HM v. City of Creve Coeur, Mo.*, 666 F. Supp. 2d 988, 1002 (E.D. Mo. 2009) (citing *Henry v. Halliburton*, 690 S.W.2d 775, 780–81 (Mo. banc 1985)). "A qualified privilege may be overcome by a showing of actual malice." *Id.* "Actual malice exists where the maker of the statement knew it was false or spoke with reckless disregard for its falsity." *Id.* Defendant Caples was required to report the incident as part of his duties. Aside from bare legal conclusions, plaintiff has made no showing of actual malice with respect to the report. Therefore, defendant Caples is entitled to qualified privilege.

Counts VIII and IX will be dismissed.

## J.    Count X:  False Imprisonment

Plaintiff claims defendants Gee and Caples intentionally, willfully, and with malice and in bad faith encouraged and caused the confinement of plaintiff against his will by removing him from the meeting without legal justification. Defendants argue the claim is barred by the doctrine of official immunity. Caples further argues the claim fails

because he had probable cause when removing and arresting plaintiff. Gee argues the claim fails because plaintiff has alleged no facts supporting Gee instigated the arrest.

Under Missouri Law, "[t]he elements of a cause of action for false imprisonment are the detention or restraint of one against h[er] will, and the unlawfulness of such detention or restraint." *Fisher v. Wal-Mart Stores, Inc*. 619 F.3d 811, 819 (8th. Cir. 2010) (quoting *Ivy v. Wal–Mart Stores, Inc*., 777 S.W.2d 682, 683–84 (Mo. Ct. App. 1989)).

### 1.    Gee

Plaintiff has not pleaded any facts supporting that Gee instigated the arrest. Plaintiff alleges Gee "demand[ed] that plaintiff Taylor be removed from the meeting and demand[ed] that defendant Officer Caples remove plaintiff Taylor from the meeting without legal justification." (¶161)   Even if the arrest were illegal, which this Court is not deciding, the claim against Gee must fail because plaintiff alleges no facts to support the claim.  Gee's instruction to remove the plaintiff did not necessarily require that Caples arrested the plaintiff.

### 2.    Caples

As for plaintiff's claim against defendant Caples, this Court determined above that the facts as alleged show that Caples had probable cause for arresting and detaining plaintiff.  "A police officer is entitled to make a warrantless arrest if there is at least arguable probable cause." *Belkin v. Casino One Corp*., 170 F. Supp. 3d 1211, 1215 (E.D. Mo. 2016) (citing *Borgman v. Kedley*, 646 F.3d 518, 523 (8th Cir. 2011)). "An officer has probable cause to make a warrantless arrest when the totality of the circumstances at the time of the arrest 'are sufficient to lead a reasonable person to believe that the

defendant has committed or is committing an offense.'" *Id*. (quoting *Fisher v. Wal–Mart Stores, Inc. et al.*, 619 F.3d 811, 816 (8th Cir. 2010)).

By his own admission, plaintiff said he interrupted the meeting, and that he did not leave when instructed. Defendant Gee ordered plaintiff to leave, and then for him to be removed. Officer Caples had at least arguable probable cause to arrest plaintiff. *See Belkin*, 170 F. Supp. 3d at 1215.

Therefore, the motion to dismiss this claim is granted for both Officer Caples and Gee.

## III. Conclusion

Claims surviving the defendants' motions to dismiss include Count I's as-applied applause rule claim against defendants STLCC and Gee and Count III against defendant Caples for excessive force.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motions to dismiss are granted in part and denied in part.

**IT IS FURTHER ORDERED** that defendant STLCC's motion to dismiss (#12) is GRANTED with respect to Count I's interruption claim, Count II, Count VI, and DENIED with respect to Count I's applause claim.

**IT IS FURTHER ORDERED** defendant Rodney Gee's motion to dismiss (#15) is GRANTED with respect to Count I's interruption claim, Count II, Count VI, Count VIII, Count IX, and Count X, and DENIED with respect to Count I's applause claim.

**IT IS FURTHER ORDERED** that defendant Robert Caples's motion to dismiss (#15) is GRANTED with respect to Count I, Count III's wrongful seizure/arrest claim, Count IV, Count V, Count VII, Count IX, and Count X, and DENIED with respect to Count III's excessive force claim.

Dated this ___18th___ day of October, 2018.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE